FILED
2021 JUL 6 PM 2:27
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PRIME PROPERTY & CASUALTY INSURANCE,**<br>　　　　　Plaintiff,<br><br>vs.<br><br>**ALLIED TRUCKING OF FLORIDA, INC; ALLIED TRUCKING OF CENTRAL FLORIDA, LLC; ALLIED TRUCKING OF PALM BEACH, LC; ALLIED TRUCKINGO F ORLANDO, LLC; AND ALEJANDRO CUSCO,**<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-CV-881-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

　　　　This matter is before the court on Defendant's Motion to Dismiss pursuant to the Federal Rules of Civil Procedure 12 (b)(1), and Plaintiff's Motion to Stay. (ECF No. 53, 73.) On June 23, 2021, the court held a hearing on these motions. At the hearing, Andrew Wright represented Plaintiff Prime Property & Casualty Insurance and Mitchell Long represented Defendants Allied Trucking of Florida, Inc., Allied Trucking of Central Florida, LLC, Allied Trucking of Palm Beach, LC, Allied Trucking of Orlando, LLC, and Alejandro Cusco. The court took the matter under advisement. After considering the parties' memoranda and arguments and the facts and

law relevant to the pending motions, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff Prime Property & Casualty Insurance ("Prime") is an insurance company with its principal place of business in Utah. Defendants Allied Trucking of Florida, Inc., Allied Trucking of Central Florida LLC, Allied Trucking of Palm Beach, LC, and Allied Trucking of Orlando, LLC (collectively, "Allied"), are trucking companies that are incorporated, and have their principal places of business, in Florida. Defendant Alejandro Cusco, the Vice President of Allied, is a resident of Florida.

Prime is an authorized Florida insurer and used the Florida-based company, MPR-Fintra, Inc. ("MPR"), to issue and produce Policy No. PC1902004 (the "Policy") to Allied on February 3, 2019. This Policy provided automobile insurance coverage to Allied, and Allied paid a premium of $2,693,954.00 to Prime when the Policy was issued. In connection with this insurance policy, Alejandro Cusco signed a Policy Receipt Form ("PRF") on behalf of Allied. The PRF included a forum selection clause indicating that any disputes between the parties would be resolved in the state where the Policy had been issued.

In addition to the Policy, the parties also entered into an Insurance Program Agreement ("IPA"), under which Allied paid Prime $800,000.00 to provide funds for the deductibles that arose under the Policy. The IPA also contained a forum selection clause stating that any "rights, remedies, or obligations" in the agreement would be enforced under Utah law and the jurisdiction of the state of Utah.

The Policy expired on February 3, 2020. At the expiration of the Policy, Prime was required to refund Allied's unearned premiums. When this did not happen, Allied sued Prime in

the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida. Four days later, Prime filed this lawsuit in Utah, alleging that it does not owe any premium refunds to Allied and, in fact, that Allied owes it additional funds. Prime moved to dismiss the Florida state case, but the court denied the motion, choosing to proceed with the case. The court also found the PRF to be invalid and unenforceable because it was not approved by Florida's Office of Insurance Regulation ("OIR").

## DISCUSSION

Defendants move to dismiss this case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1] In response, Plaintiff has filed a Motion to Stay pending the completion of the proceedings in Florida.

I. **Defendant's Motion to Dismiss with Prejudice**

   A. **Forum Selection Clause**

Defendants argue that the forum selection clause in the PRF is not valid or enforceable under Utah law and that the parallel proceeding in Florida state court prevents the court from addressing the same dispute here. Forum selection clauses are considered "prima facie valid." *See Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992). However, in the state of Utah, an insurance policy cannot "prescribe in what court an action may be brought on the policy." Utah Code § 31A-21-313(3)(b). Furthermore, under Florida law, all forms pertaining to an insurance policy must be approved by the Florida OIR, and any form that contains a forum selection clause will not be approved by the Florida OIR. *See Raven Envtl.*

---

[1] Defendants brought the motion to dismiss under Rules 12(b)(1), (3), and (7). However, the Defendants focused primarily on the validity of the PRF and IPA and the forum selection clauses within them, as well as the parallel suit in Florida state court. Because of the following rulings, the court finds that it is unnecessary to address issues pertaining to venue or failure to add a necessary party.

3

*Restoration Servs., LLC v. United Nat'l Ins. Co.*, No. 1:20-CV-230610UU, 2020 WL 5834755, at *3 (S.D. Fla. Sept. 28, 2020) (holding that "an authorized insurer generally must file all forms it intends to use with the OIR for approval").

Plaintiff asserts that the forum selection clauses contained in the IPA and PRF are valid and enforceable because the provision of the Utah Insurance Code does not apply to insurance policies that are delivered or issued for delivery in another state. *See* Utah Code Ann. § 31A-21-101(1). Even if the provision of the Utah Insurance Code applies, Plaintiff contends that the forum selection clause contained in the IPA is valid because Utah law only prohibits insurance policies from including a forum selection clause, and the IPA is not an insurance policy.

Courts have generally considered a policy to be issued for delivery or delivered in the state where the insured resides. *See Travelers/Aetna Ins. Co. v. Wilson*, 2002 UT App. 221, ¶¶ 2, 9-10, 51 P.3d 1288. In this case, the Policy was issued in Florida, and both the PRF and the IPA pertain to Allied's insurance coverage. Prime is an authorized insurer in the state of Florida and, as such, it was required to submit any documents pertaining to the insurance coverage to the Florida OIR for approval. Prime neglected to alter its forms in a way that would allow approval by the Florida OIR. Instead, it chose to withdraw its application for approval and retain the forum selection clause in the PRF, something that the Florida OIR specifically does not permit. Because neither the IPA nor the PRF were approved by the Florida OIR, the forum selection clauses contained in those documents are not valid or enforceable. Therefore, neither forum selection clause provides a basis for bringing this action in a Utah court.

**B. Colorado River Abstention Doctrine**

Furthermore, in the Tenth Circuit, the district court has discretion in deciding whether to abstain from hearing a case already proceeding in a state court. *See Fox v. Maulding*, 1 F.3d

1079, 1081-82 (10th Cir. 1994). In *Colorado River*, the Court set forth several factors that federal courts must assess when deciding whether to hear a case that is duplicative of a state court case. *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 811 (1976). Courts must first look to see whether there is a parallel case in a state court that "involves substantially the same claims and the same parties." *Worldlink Logistics, Inc. v. Boscov's Dept. Store, LLC*, 2007 WL 1577669, at *2. Here, the two cases at issue involve substantially the same claims and parties. Both actions involve a dispute as to the funds owed under the Policy and Allied's entitlement to unearned premiums.

Because this first requirement is met, courts must then consider several other factors. *Id.* These factors include:

> (1) the inconvenience of the forum, (2) the desirability of preventing piecemeal litigation, (3) the order of filing (with preference given to the first filed case), (4) avoiding obstructionist tactics, (5) the applicable law, (6) the stage of the litigation, (7) whether a *res* over which the state court has subject matter jurisdiction is part of the suit, and (8) comity between the federal courts. No single factor is determinative but, instead, courts must balance the factors as they apply in a given case.

*Id.*

These *Colorado River* factors favor abstention. Utah is an inconvenient forum because Allied is incorporated and has its principal place of business in Florida, and Alejandro Cusco is domiciled in Florida. Moreover, there is already an ongoing case in Florida state court. In *Colorado River*, the Court established that avoiding piecemeal litigation is the most important factor, as "the general principle is to avoid duplicative litigation." *Colorado River*, 424 U.S. 800 at 817. Proceeding with the present case would create piecemeal litigation, so this factor heavily favors dismissing this action. Defendants filed the case in Florida state court prior to Prime's filing of this action, and the Florida state court is further along in the litigation process. The Florida state court recently denied Plaintiff's Motion to Dismiss the case. Therefore, this court's

5

abstention from the case will promote comity since a duplicative action is already underway in Florida state court. Furthermore, the applicable law factor weighs in favor of Defendants because Florida law appears to be controlling. Accordingly, the court concludes that these *Colorado River* factors weigh in favor of abstaining from proceeding with this case.

## II. Plaintiff's Motion to Stay

Plaintiff argues that the most efficient way for this court to approach the present action would be to grant their Motion to Stay until the Florida action is resolved or, in the alternative, dismiss this case without prejudice. District courts are required to manage their dockets "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (citation omitted). As such, district courts also have the power to stay proceedings that have parallel actions in other courts. *Id*.

Plaintiff acknowledges that the Florida action will proceed and has filed both an Answer and a Counterclaim in that action. Therefore, it has already consented to the Florida court's jurisdiction. However, Plaintiff argues that this court should stay this action because there are several issues that are before this court that they claim will not be resolved in the Florida action. For example, Plaintiff claims that it is not guaranteed that the Florida action will address the IPA, and because Mr. Cusco is not a party to the Florida action, his personal liability cannot be determined in that action.

However, Plaintiff did not successfully outline which issues would be better resolved in this court rather than the Florida court. The Florida court has and will resolve the IPA issues. The court there established that insurers in Florida can only use forms that have been approved by the Florida OIR, and the Florida OIR informed the parties that Plaintiff was required to submit the IPA to the Florida OIR for approval. Furthermore, Mr. Cusco's participation in this action does

not warrant a stay. Mr. Cusco signed the PRF on behalf of Allied, which is a party to the Florida action, but he was not insured by Plaintiff. Plaintiff chose not to add Mr. Cusco in the Florida action and could always move to have him added if there was a basis for him to be included. Moreover, the allegations made by Plaintiff in this action are almost identical to those contained in the counterclaim that Plaintiff asserted in the Florida action. Therefore, the court concludes that a stay of this action is not warranted.

## Conclusion

Based on the above reasoning, Defendants' Motion to Dismiss is GRANTED, and Plaintiff's Complaint is dismissed without prejudice. Any issues relating to the present disputes between the parties should be raised and litigated in the Florida state court action. Plaintiff's Motion to Stay is DENIED.

DATED this 6th day of July, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge